# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

February 9, 2010

Maurice J. Donovan
Law Office of Benjamin M. Del Vento
405 Northfield Avenue
West Orange, NJ 07052

    (*Attorney for Plaintiffs Mary Kay Alberto and Steve Alberto*)

Michael Stewart Schwartz
Daly, LaMastra & Cunningham
P.O. Box 1622
Warren, NJ 07061

    (*Attorney for Defendant NJTMA Employee Benefits Assoc., Inc.*)

    **RE:**   **Alberto v. Green**
            **Civ. No. 09-5191 (WJM)**

Dear Counsel:

    This matter comes before the Court on Defendant NJTMA Employee Benefits Association, Inc.'s ("NJTMA") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). This motion is unopposed.  There was no oral argument. Fed. R. Civ. P. 78. For the reasons stated below, Defendant's motion is **GRANTED**.

**I.    BACKGROUND**

This lawsuit was brought after Plaintiff Mary K. Alberto was injured in a car accident on August 10, 2007.  Compl.  Her husband Steve Alberto joined her as co-Plaintiff.[1]  At the time of the accident, the Albertos had group medical and prescription coverage through NJTMA Employee Benefits Association, Inc. (the "Plan").  The Plan is a self-funded group health plan providing medical and prescription benefits to covered employees.  *Id*.  The Plan excludes coverage for medical services related to an automobile accident.  Compl.; Def.'s Mot. to Dismiss, Ex. B., Section V-10.  Moreover, the plan sets out an appeals process for claimants when coverage is denied. Def.'s Mot. to Dismiss, Ex. B., Section VII-4.

In their complaint, the Albertos sue NJTMA for failure to pay for medical treatment of Ms. Alberto's pre-existing back problems which they claim are unrelated to her involvement in the car accident.[2]  Compl.  The Albertos request that NJTMA pay for medical bills arising from Ms. Alberto's pre-existing health problems which they allege are unrelated to the motor vehicle accident.  They also request compensatory damages and punitive damages from NJTMA.  *Id*.

NJTMA removed the case on October 13, 2009.  On October 20, 2009, NJTMA moved under Fed. R. Civ. P. 12(b)(6) to have the Albertos' claims against NJTMA for failure to provide medical coverage dismissed without prejudice because Plaintiffs failed to exhaust administrative remedies prior to this action being heard in federal court.  Def.'s Br. in Supp. of Mot. to Dismiss 4.  NJTMA also moved to have Plaintiff's claims for compensatory and punitive damages dismissed with prejudice because the Employee Retirement Income Security Act of 1973 ("ERISA") provides no private right of action for this type of relief.  *Id*. at 6.

The Clerk's Office set a motion deadline of November 16, 2009.  Plaintiffs' counsel are registered electronic filers and received notice of the deadline, but never filed a response to NJTMA's motion.  Counsel for the other named defendants have not made an appearance in district court.  Accordingly, this motion is unopposed.

---

[1]The Albertos commenced suit in New Jersey Superior Court on August 6, 2009.  In the complaint, the Albertos sue [1] the other drivers involved in the accident; [2] Travelers of New Jersey, their automobile insurance carrier, for failing to reimburse for medical expenses caused by the car accident, and [3] the moving party, NJTMA, as explained *infra*.

[2]Plaintiffs recognize that if the 2007 car accident caused Ms. Alberto's injuries, she would not be entitled to reimbursement from NJTMA pursuant to the provisions of the Plan.  Compl.

2

## II.     DISCUSSION

Before the Court now is Defendant NJTMA's motion to dismiss.

### A.     The Court has Original Jurisdiction Over ERISA Claims and Removal was Proper

The NJTMA plan is a self-funded group health plan established and maintained by Plaintiff's employer for the purpose of providing employees with health care through the purchase of insurance administered by NJTMA.  Def. Mot. to Dismiss, Ex. B, I-3.  As such, it falls squarely within ERISA's definition of "employee welfare benefit plan."  29 U.S.C. § 1002(1).  Congress has expressly provided district courts of the United States with original jurisdiction for ERISA claims.  29 U.S.C. § 1132(e).  Plaintiffs' claims are aimed at recovering benefits and enforcing rights under the terms of the plan.  Therefore, Plaintiffs' state law claims against NJTMA are pre-empted and removal was proper.  *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64, 107 S.Ct. 1542, 95 L.Ed.2d. 55 (1987).

### B.     Motion to Dismiss Standard

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  *See Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir.1998).  This is true even when a motion to dismiss is unopposed.  *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir.1991). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears that no relief could be granted "under any set of facts that could be proved consistent with the allegations," a court may dismiss a complaint for failure to state a claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

### C.     NJTMA's Motion to Dismiss for Failure to Exhaust Administrative Remedies

NJTMA contends that the Albertos have failed to exhaust their administrative remedies in accordance with the provisions of the Plan.  Def. Br. in Supp. of Mot. to Dismiss 4.   Case law in the Third Circuit makes clear that an ERISA plan participant must exhaust the administrative remedies available under that plan before seeking relief

in federal court unless the participant can demonstrate that resorting to the plan's remedies would be futile.[3]  *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249-51 (3d Cir. 2002); *Weldon v. Kraft*, 896 F.2d 793, 800 (3d Cir. 1990).

NJTMA has provided the Court with a copy of the Plan, which details the procedures to appeal a denial of benefits and provides the Court with information regarding the exhaustion requirements of the Plan.  D. Mot. to Dismiss, Ex. B, VII-4. Plaintiffs have failed to present any evidence that they exhausted administrative remedies provided under the plan before bringing suit, nor have they asserted that seeking administrative remedies would be futile.  When viewing these facts in the light most favorable to the Plaintiffs, dismissal is appropriate.  Accordingly, Plaintiffs' claims against NJTMA for failure to provide medical coverage will be dismissed without prejudice,[4] for Plaintiffs to appeal the denial of benefits pursuant to the Plan's internal procedures.  *See Weldon*, 896 F.2d at 800 (holding summary judgment appropriate where Plaintiff "failed to present any evidence that he . . . exhausted his administrative remedies.")

### D.     NJTMA's Motion to Dismiss Plaintiff's Claims for Compensatory and Punitive Damages

Defendant NJTMA also moves to dismiss Plaintiffs' claims against NJTMA for compensatory and punitive damages with prejudice. Section 502(a) of ERISA controls when plan beneficiaries, such as the Albertos, bring an action to enforce their rights under a qualified plan, such as the NJTMA Plan.  *Mass. Mutual Life. Ins. Co. v. Russell*, 473 U.S. 134, 144, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985).  Section 502(a) is silent as to compensatory and punitive damages.  *Id*.  The United States Supreme Court has long held that ERISA does not provide for "a private right of action for compensatory or punitive relief," or any form of "extracontractual damages to a beneficiary" under this section.  *Id*. In short, "[i]t is settled law that ERISA does not provide [for] compensatory or punitive damages."  *DeVito v. Aetna, Inc.*, 536 F. Supp. 2d 523, 531 (D.N.J. 2008).  Accordingly,

---

[3] Requiring exhaustion of plan remedies helps, among other things, to "'reduce the number of frivolous lawsuits under ERISA; to promote the consistent treatment of claims for benefits; to provide for a nonadversarial method of claim settlement; and to minimize the costs of claims for all concerned.'"  *Harrow*, at 249 (quoting *Amato v. Bernard*, 618 F.2d 559, 567 (9th Cir. 1980)).

[4] The exhaustion requirement is a nonjurisdictional affirmative defense, and, accordingly, this Court retains subject matter jurisdiction.  *See Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 280 (3d Cir. 2007).

Plaintiffs' claims against NJTMA for compensatory and punitive damages will be dismissed with prejudice.

### III.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED**.  An order follows this Letter Opinion.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**
